**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| GEICO Indemnity Company,<br>    Plaintiff,<br>vs.<br>Dana M. Brown,<br>    Defendant.<br>_____ | No. CV 11-0025-PHX-SMM<br>**ORDER** |

Before the Court is Defendant Dana M. Brown's ("Brown") Motion to Dismiss Plaintiff GEICO Indemnity Company's ("GEICO") Amended Complaint (Doc. 7). (Doc. 9.) GEICO responded (Doc. 11), Brown replied (Doc. 12), and the Court permitted the parties to file supplemental briefing (Docs. 13-18, 22). The matter is now fully briefed.[1]

## BACKGROUND

On December 10, 2009, Brown was walking in Phoenix when she was struck and injured by Leslie Huerta's car. (Doc. 7 ¶ 6, Doc. 9 at 3.) Leslie Huerta and her husband Daniel Huerta, Jr. (the "Huertas") had an auto insurance policy with GEICO that provided the state-mandated minimum liability limit of $15,000 per person. (Doc. 7 ¶ 7, Doc. 9 at 3.) It is undisputed that Ms. Huerta was at fault in the accident. (Doc. 11 at 2.)

Brown made an insurance claim against the Huertas and engaged in negotiations with GEICO. (Doc. 7 ¶¶ 9-21; Doc. 9 at 3.) On February 3, 2010, GEICO offered to settle with

---

[1] Neither party requested oral argument related to this Motion to Dismiss. (Docs. 9, 11.) Accordingly, the Court finds the pending motions suitable for decision without oral argument. See L.R. Civ. 7.2(f).

1  Brown for the $15,000 policy limit (the "initial settlement"). (Doc. 7 ¶ 11, Doc. 9 at 3.)
2  Brown agreed to the initial settlement contingent upon GEICO providing declaration sheets
3  for all applicable bodily injury policies, an asset affidavit, checks for the applicable bodily
4  injury policies, and a bodily injury release for all applicable policies by February 22, 2010.
5  (Doc. 7 ¶ 12, Doc. 9 at 3.) The initial settlement fell apart after Brown accused GEICO of not
6  timely meeting all terms, an allegation that GEICO denies. (Doc. 7 ¶ 18, Doc. 9 at 3.)

7  On March 2, 2010, Brown brought suit in Maricopa County Superior Court against
8  the Huertas (the "underlying case"). (Doc. 7 ¶ 19, Doc. 9 at 3.) Subsequently, Brown and the
9  Huertas discussed a potential settlement, not authorized by GEICO, requiring the Huertas to
10 assign Brown any breach of contract or breach of good faith and fair dealing claim against
11 GEICO for its alleged failure to conclude the initial settlement and consent to a default
12 judgment in exchange for Brown not executing against the Huertas personally. (Doc. 7 ¶¶
13 23-25, Doc. 9 at 3-4.)

14 On May 13, 2010, GEICO filed motions in the underlying case seeking to intervene,
15 enforce the initial settlement agreement, and stay both the potential settlement between
16 Brown and the Huertas and any default proceedings. (Doc. 9 at 4.) The state court in the
17 underlying case declined to enforce the initial settlement, finding that GEICO had failed to
18 comply with its terms. (Doc. 9 at 4-5.) On December 22, 2010, Brown and the Huertas
19 agreed to a settlement, which requires the Huertas to have a default judgment taken against
20 them for $1.65 million and assign to Brown any breach of contract or breach of good faith
21 and fair dealing claim against GEICO and requires Brown not to execute against the Huertas.
22 (Doc. 7 ¶¶ 26-27, Doc. 9 at 5.) GEICO contends that this agreement is contrary to a
23 cooperation clause in the Huertas' policy requiring them to work with GEICO in reaching
24 any settlement. (Doc. 7 ¶¶ 22.)

25 On January 4, 2011, GEICO filed this declaratory judgment action. (Doc. 1.) GEICO's
26 Amended Complaint, filed January 7, 2011, seeks declaratory relief from the Court stating
27 that because the Huertas breached a cooperation clause and entered into an unauthorized

- 2 -

agreement, GEICO is not required to indemnify the Huertas or to pay Brown, as "underlying plaintiff, judgment creditor, or assignee" any more than the statutory minimum of $15,000. (Doc. 7 at 8.)

On January 10, 2011, Brown filed a Motion to Dismiss GEICO's Amended Complaint on grounds that: (1) the amount in controversy does not exceed $75,000; (2) no breach of the cooperation clause occurred because GEICO breached the insurance contract first; and (3) the declaratory judgment is unripe. (Doc. 9 at 1.) GEICO responded that: (1) the amount in controversy exceeds the statutory requirement; (2) Brown's allegation that GEICO breached first is irrelevant and untrue; and (3) declaratory judgment by the Court is appropriate because the Huertas breached the cooperation clause. (Doc. 11.) On February 10, 2011, after GEICO filed its Response (Doc. 11), the state court in the underlying case granted GEICO's motion to intervene and stay the underlying case pending resolution of this declaratory judgment action. (Doc. 13 at 5-6.)

## LEGAL STANDARDS

The Declaratory Judgment Act enables the Court to declare the rights and other legal relations of any interested party seeking such a declaration. 28 U.S.C. § 2201(a). Although the Declaratory Judgment Act creates a federal remedy, it is not an independent basis for federal jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ("Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."). A party seeking declaratory relief must still show: (1) an actual controversy and (2) a matter within federal court subject matter jurisdiction. 28 U.S.C. § 2201(a) (2006) ("In a case of actual controversy within its jurisdiction . . ."); see Calderon v. Ashmus, 523 U.S. 740, 745 (1998).

While the Act authorizes the Court to provide declaratory relief, the Court is not required to do so. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). First, the Court must examine "whether there is an actual case or controversy within its jurisdiction." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). Second, if "an actual

- 3 -

1  case or controversy exists, the court must decide whether to exercise its jurisdiction by
2  analyzing the factors set out in [Brillhart], and its progeny." Id. Thus, even if a party meets
3  the jurisdictional requirements, the Court still has discretion in declining to entertain the
4  action. See id.; Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); Fletes-Mora v.
5  Brownell, 231 F.2d 579, 581 (9th Cir. 1955).

## DISCUSSION

### I. Whether GEICO's Action Satisfies the Amount in Controversy Requirement

The Court has jurisdiction over state-law claims between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The amount in controversy alleged by the proponent of federal jurisdiction–typically the plaintiff in the substantive dispute–controls so long as the claim is made in good faith." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 (9th Cir. 2000). This legal certainty standard effectively means that the district court has subject matter jurisdiction unless "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

Brown contends that because GEICO's declaratory judgment request asks the Court to limit its indemnification of the Huertas to $15,000, the Court does not have subject matter jurisdiction. (Doc. 9 at 7.) GEICO asserts that the amount in controversy is $1.635 million, which is the amount exceeding the Huertas' policy limit that Brown intends to request in the default judgment. (Doc. 11 at 6.) GEICO's Amended Complaint alleges that GEICO's potential exposure in the underlying lawsuit between Brown and the Huertas is $1.65 million. (Doc. 7 ¶ 27). Brown does not dispute her intention to seek this default judgment or allege that GEICO's representation about the amount in controversy was not made in good faith. Therefore, GEICO's allegation that the amount in controversy well exceeds $75,000 is

- 4 -

sufficient to confer subject matter jurisdiction on this Court. See 28 U.S.C. § 1332; Crum, 231 F.3d at 1130.

## II.   Whether GEICO's Action Is Ripe for Adjudication

Whether a claim is ripe for adjudication goes to the Court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also S. Pac. Transp. Co. v. L.A., 922 F.2d 498, 502 (9th Cir. 1990) (ripeness is more than procedural question, it is determinative of jurisdiction). In resolving a Rule 12(b)(1) dismissal motion for lack of ripeness, the Court may evaluate affidavits and other evidence beyond the pleadings, as well as make findings of fact, to determine if subject matter jurisdiction is proper. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Brown asserts that the issue before the Court–whether the Huertas' alleged breach of the cooperation clause relieved GEICO of any obligation to indemnify the Huertas or to pay Brown any more than the statutory minimum of $15,000–is not ripe for determination. (Doc. 9 at 13.) GEICO contends that the controversy is ripe because Brown and the Huertas have entered into an agreement that would expose GEICO to excess liability. (Doc. 11 at 16.) The Court finds that the declaratory judgment action is ripe because Brown and the Huertas have already reached an agreement that, if permitted by the state court in the underlying case, would result in a default judgment that Brown apparently wishes to execute against GEICO. Given the circumstances of the underlying case, the Court finds GEICO's claim to be ripe. See St. Clair, 880 F.2d at 201.

## III.   Whether the Court Should Exercise Its Discretion Under the Declaratory Judgment Act to Consider this Action

As the Declaratory Judgment Act states that the Court "may" act, it is "deliberately cast in terms of permissive, rather than mandatory, authority." 28 U.S.C. § 2201(a); accord. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). There is no presumption in favor of abstaining from, nor is there a presumption in favor of exercising

this remedial power. See Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 803 (9th Cir. 2002); see also Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995) (The appeals court reviews the Court's decision to grant or refrain from granting declaratory relief for abuse of discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp.").

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288. The Court should consider the factors announced in Brillhart v. Excess Insurance Co. of America and its progeny, but no one factor necessarily controls. See Dizol, 133 F.3d at 1223 (citing Brillhart, 316 U.S. at 494); Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005) (discussing the Brillhart factors and additional relevant considerations). The Brillhart factors, which are nonexclusive, state that "[1] [t]he district court should avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative litigation." Dizol, 133 F.3d at 1225. "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" Kearns, 15 F.3d at 144 (quoting Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)). Additional considerations include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225, n.5 (quoting Kearns, 15 F.3d at 145 (J. Garth, concurring)); Principal Life, 394 F.3d at 672; McGraw-Edison Co. v. Preformed Line Prods. Co., 362 F.2d 339, 342-43 (9th Cir. 1966) (citation omitted). The Court considers whether to dismiss an action seeking declaratory relief under the circumstances existing at the time the issue is

- 6 -

1 raised rather than at the time the action was filed. See Am. Cas. Co. of Reading, Pa. v.
2 Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999).

3       As the Court has determined that an actual case or controversy exists in this case, it
4 will now decide whether to exercise its discretion to consider GEICO's declaratory judgment
5 action by analyzing the factors set forth in Brillhart and its progeny. Principal Life Ins. Co.,
6 394 F.3d at 669. First, the Court should avoid the needless determination of state issues.
7 Dizol, 133 F.3d at 1225. The precise issue of whether the cooperation clause in the Huertas'
8 policy limits GEICO's liability or duty to indemnify is apparently not currently before the
9 state court in the underlying case. However, Brown and GEICO are both parties in the
10 underlying case before the state court. The state court, upon proper motion, is better
11 positioned to determine GEICO's potential liability to Brown and/or duty to indemnify the
12 Huertas. Second, the Court should discourage forum shopping. Id. at 225. The state court
13 denied GEICO's request to have its initial agreement with Brown enforced, so it is possible
14 that GEICO was motivated to file this declaratory judgment action based upon the theory that
15 it might fare better with this Court rather than the state court. Third, the district court should
16 avoid duplicative litigation. Id. at 1225. Here, the state court litigation is ongoing, although
17 the state court has stayed proceedings until this declaratory judgment action is resolved.
18 (Doc. 13). When the underlying case resumes, GEICO can request the opportunity to conduct
19 discovery regarding Brown's damages and GEICO's potential liability from the state court
20 where the broader controversy originated. Under the Brillhart factors, the Court finds good
21 cause to exercise its discretion to decline to consider GEICO's declaratory judgment action.
22 316 U.S. at 494.

23       Other factors support the Court's decision. One, declaratory relief would not settle all
24 aspects of the broader controversy, as Brown could still seek additional damages from the
25 Huertas. See Dizol, 133 F.3d at 1225 n.5. Two, the declaratory judgment action risks
26 entangling the federal and state court systems, as has already occurred to some extent as a
27 result of the state court issuing a stay. See id. Three, a better remedy exists in this case,
28

- 7 -

namely the settlement of all controversies from this vehicle accident in state court. See id. Four, no injustice will occur and little of the Court's time would be squandered by declining to consider issuing GEICO's declaratory judgment request so that the state court proceedings can recommence.[2] See id.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Court will exercise its discretion under the Declaratory Judgment Act to decline to issue GEICO's requested declaratory relief (Doc. 7).

**IT IS FURTHER ORDERED DENYING** Brown's Motion to Dismiss (Doc. 9) as moot.

**IT IS FURTHER ORDERED GRANTING** Jacob Ross Podolsky's Motion to Withdraw as Attorney (Doc. 20).

DATED this 29th day of June, 2011.

Stephen M. McNamee
United States District Judge

---

[2] GEICO cites Allstate Insurance Co. v. Herron, a case factually similar to this, as support for its contention that the Court should exercise its discretion to consider its declaratory judgment action. (Doc. 15 at 1 (citing 634 F.3d 1101 (9th Cir. 2011).) However, the Ninth Circuit in Allstate affirmed the district court merely by finding it did not abuse its discretion to consider the plaintiff's declaratory relief action. 634 F.3d at 1108. It made no finding that the district court was required to consider the plaintiff's declaratory relief action.